**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TERRY J. GORDON,**

                  **Plaintiff,**                  1:11-cv-385
                                                                 (GLS/RFT)

              v.

**LARRY HOLMBERG,**

                  **Defendant.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Terry J. Gordon
Pro Se
12 Whitney Lane
Keeseville, NY 12944

**FOR THE DEFENDANT:**
Heslin, Rothenberg Law Firm      DAVID P. MIRANDA, ESQ.
5 Columbia Circle                    SHANNA K. O'BRIEN, ESQ.
Albany, NY 12203

Kinney, Lang Law Firm           CAROLYN H.B. ECKART, ESQ.
312 South Third Street            DAVID R. FAIRBAIRN, ESQ.
The Kinney & Lange Building
Minneapolis, MN 55415

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Terry Gordon commenced this action against defendant Larry Holmberg alleging patent infringement. (*See* Compl., Dkt. No. 1.) Pending is Holmberg's motion to dismiss under Fed. R. Civ. P. 12(b). (*See* Dkt. No. 7.) For the reasons that follow, Holmberg's motion is granted.

## II. Background[1]

Gordon, a resident of Keeseville, New York, alleges that he is the "sole inventor and owner . . . [of] Patent # 6,000,163." (*See* Compl. ¶ 9, Dkt. No. 1.) In sum, he claims that Holmberg, a resident of Gull, Minnesota, infringed on this patent through the sale of the "Moniker" Rifle Cam. (*Id.* ¶¶ 2-3.) Gordon now seeks damages and equitable relief for the alleged infringement. (*Id.* Prayer for Relief.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[2] For a full discussion of the standard, the

---

[1] The facts are drawn from Gordon's Complaint and presented in a light most favorable to him. However, the court notes that, as of the time of filing, the parties were already engaged in a patent litigation in the United States District Court for the District of Minnesota (Civ. No. 11-538), in which Holmberg was the plaintiff and Gordon answered on behalf of the defendant.

[2] Because Gordon is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

Holmberg argues, *inter alia*, that Gordon failed to properly effectuate service of process and thus, this case should be dismissed.[3]  (*See* Dkt. No. 7, Attach. 1 at 9.)  In his response, Gordon concedes that Holmberg was not properly served and seeks a dismissal, without prejudice, "to correct the deficiencies in the service of this action."  (*See* Dkt. No. 12 at 3.)  Accordingly, Holmberg's motion to dismiss under Fed. R. Civ. P. 12(b)(5) is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** Holmberg's motion to dismiss (Dkt. No. 7) is **GRANTED**

---

[3] In addition to insufficient service of process, Holmberg alleges that the court lacks personal jurisdiction over him, and that venue is improper in this district.  Although Gordon's Complaint is devoid of any facts which demonstrate that long-arm jurisdiction is proper in this case, this error may be correctable; however, venue is not.  In a civil action for patent infringement, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and has a regular and established place of business.*" 28 U.S.C. § 1400(b) (emphasis added); *see, e.g., Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (stating that 28 U.S.C. § 1400(b) must be strictly construed).  Here, it is undisputed that Holmberg does not have a place of "regular and established business" in the Northern District of New York.  (*See* Dkt. No. 13 at 5.)  As such, the court concludes that improper venue provides an alternative basis for dismissal.  *See* Fed. R. Civ. P. 12(b)(3).

and all claims against him are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

October 4, 2011
Albany, New York

*Gary L. Sharpe*
U.S. District Judge